# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENNETH J. THOMAS,

Petitioner,

v.

STATE OF WISCONSIN,

Respondent.

Case No. 19-CV-490-JPS

**ORDER**

In April 2019, Petitioner Kenneth J. Thomas ("Petitioner") filed a petition for a writ of habeas corpus. ECF No. 1. In September 2019, Petitioner filed a notice of voluntary dismissal, ECF No. 8, which the Court adopted, thus dismissing and closing this case. ECF No. 9.

In December 2025, Petitioner moved for reconsideration under Federal Rule of Civil Procedure 60(b)(4). ECF No. 11. Petitioner also moves the Court for a "preliminary injunction," wherein he asks the Court for his own "immediate release." ECF No. 12 at 1, 4. For the reasons discussed below, both motions will be denied.

Much of Petitioner's Rule 60(b)(4) motion appears to concern the ruling(s) in *Thomas v. Fuchs*, 21-CV-942 (E.D. Wis. March 8, 2022) ("Dries Case"), a case that was before Magistrate Judge Stephen C. Dries. ECF No. 11 at 2 (asking the Court to find that "case No. 2021-CV-942-SCD[] rulings [are] void and lack[] legal effect."). Specifically, Petitioner argues that both the above-captioned case (filed in 2019) and the Dries Case (filed in 2021) involve habeas corpus petitions under 28 U.S.C. § 2254 challenging the same judgment of conviction, namely *State of Wisconsin v. Kenneth J. Thomas*, No. 2015CF000054 (Waukesha Cnty. Cir. Ct. 2015), *available at*

https://wcca.wicourts.gov/caseDetail.html?caseNo=2015CF000054&countyNo=67&index=0&mode=details (the "2015 Case"). Because 28 U.S.C. § 2244 prohibits successive § 2254 habeas petitions challenging the same judgment of conviction, Petitioner contends that any rulings in the Dries Case were void. ECF No. 11 at 2–3 (citing 28 U.S.C. § 2244). But the Court cannot provide Petitioner any relief under Rule 60(b)(4) with respect to the Dries Case. Rule 60 motions provide a vehicle for a party to challenge a court's prior ruling in the same case where the motion is filed. *Lazarus v. Harold,* No. 2:18cv298, 2018 WL 11602863, at *2 (E.D. Va. Nov. 19, 2018) ("Motions under Rule 60(b) must be filed in the action from which relief from judgement is sought . . . ."); *Keary v. U.S. Bank Nat'l Ass'n ND,* No. 4:11-cv-15133, 2014 WL 294300, at *13 (E.D. Mich. Jan. 27, 2014) (noting that earlier Rule 60(b) motion filed in related case was "procedurally deficient" because it sought relief from an order in another case).

To the extent that Petitioner seeks relief from the Court's order dismissing this case pursuant to Petitioner's notice of voluntary dismissal, such a motion is either untimely or unjustified at this juncture. Rule 60 provides various avenues for a party to move for relief from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) new discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . . ." *Id.* at (c)(1). Petitioner references reason (4) in arguing that the judgment in the Dries Case is void (an argument that is procedurally deficient as explained above), but he also cites *Kemp v. United States,* 596 U.S. 528 (2022), where the Supreme Court interpreted Rule 60(b)(1). In *Kemp,* the Supreme Court upheld the Eleventh Circuit's order affirming a district court's dismissal of a habeas petition for being untimely. 596 U.S. at 531. The Court explained that reason (1) of Rule 60(b), "mistake, inadvertence, surprise, or excusable neglect," includes legal errors made by the court and thus any Rule 60 motion based on alleged legal errors must be brought within one year of the judgment or order. *Id.* Petitioner does not clearly reference any alleged mistake, legal or otherwise, made by the Court in dismissing this case, but even if he did so, such relief would be untimely because his motion was made far outside the one-year timeframe delineated in Rule 60(c)(1). The Court will thus deny Petitioner's Rule 60 motion.

Turning to Petitioner's motion for a "preliminary injunction," it appears to be a habeas petition simply titled another way. *See generally* ECF Nos. 12 and 12-1; *see* ECF No. 12 at 4 (requesting immediate release as relief). But Petitioner cannot circumvent the timeliness requirements of habeas petitions by reframing one as a motion for preliminary injunction. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application of habeas corpus by a person in custody pursuant to the judgment of a State court."); *id.* at (d)(1)(A) (the one-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review"); ECF No. 1 at 3 (stating that the Wisconsin Supreme Court

denied review on February 12, 2019); ECF No. 1-1 at 25 (Wisconsin Supreme Court order, dated February 12, 2019). Petitioner's redressed motion for habeas corpus, i.e., his motion for a preliminary injunction, must therefore be denied as untimely.

Accordingly,

**IT IS ORDERED** that Petitioner Kenneth J. Thomas's Rule 60(b) motion for relief from judgment, ECF No. 11, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner Kenneth J. Thomas's motion for a preliminary injunction, ECF No. 12, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge